UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                            **ORDER**
                               Criminal File No. 11-280 (MJD/JSM)

(16) ERIKA ROMERO MONTENEGRO,

      Defendant.

Steven L. Schleicher, Assistant United States Attorney, Counsel for Plaintiff.

Erika R. Montenegro, pro se.

The above-entitled matter comes before the Court upon the United States' Motion to Confirm Waiver of the Attorney-Client Privilege [Docket No. 847] dated October 21, 2013. This motion was in response to Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 845], which raised the grounds of ineffective assistance of counsel. Specifically, Defendant claims that her defense counsel, Peter B. Wold, did not adequately communicate with her about the repercussions of pleading guilty, did not provide her with a professional interpreter, and refused to appeal her case.

1

Defendant also filed a Confirmation of Waiver of Attorney Client Privilege [Docket No. 849] on November 12, 2013.

A client may expressly or impliedly waive protection of attorney-client privilege. See Tasby v. United States, 504 F.3d 332, 336 (8th Cir. 1974). One circumstance that may support a conclusion that the privilege has been waived is if a client attacks his or her "attorney's conduct and calls into question the substance of their communications." Id. Allegations like these "raise[] the specter of ineffectiveness or incompetence," and "a client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed . . . ." Id.

Here, Defendant has raised issues of ineffectiveness and incompetence by filing a § 2255 motion based on ineffective assistance of counsel. Additionally, her specific allegations have called into question the substance of communications between her and Mr. Wold. Accordingly, Defendant's § 2255 motion waives the attorney-client privilege to allow Mr. Wold to defend against Defendant's claims. Additionally, Defendant has shown that she expressly and voluntarily waives the privilege by filing her Pro Se Confirmation of Waiver of Attorney Client Privilege. The Court thus concludes that these acts establish

Defendant's waiver of Defendant attorney-client privilege in this matter, and the Government's Motion to Confirm Waiver of Attorney-Client Privilege should be granted. Therefore, Peter B. Wold may provide an affidavit to the United States and, if necessary, testify at a hearing to defend against Defendant's claims.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Government's Motion to Confirm Waiver of Attorney-Client Privilege [Docket No. 847] is **GRANTED**.

Dated: November 14, 2013    s/ Michael J. Davis
　　　　　　　　　　　　　　Michael J. Davis
　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　United States District Court