UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                    **MEMORANDUM OF LAW & ORDER**
                      Criminal File No. 11-280 (MJD/JSM)
                      Civil File No. 13-2740 (MJD)

(16) ERIKA ROMERO MONTENEGRO,

    Defendant-Petitioner.

Steven L. Schleicher, Assistant United States Attorney, Counsel for Plaintiff-Respondent.

Erika Romero Montenegro, pro se.

## I.    INTRODUCTION

This matter is before the Court on Petitioner Erika Romero Montenegro's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  [Docket No. 845]

## II.    BACKGROUND

On September 7, 2011, an Indictment was filed in the District of Minnesota charging Uriel Magana-Farias and 21 others, including Petitioner Erika Romero

Montenegro, in a drug conspiracy case. [Docket No. 1] Petitioner was indicted on Count 1, Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or more of a mixture or substance containing methamphetamine.

Of the 22 co-defendants, all but Petitioner and two fugitives entered guilty pleas. Petitioner's case proceeded to a jury trial. On March 22, 2012, she was found guilty of Count 1 of the Indictment, Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846. [Docket Nos. 599, 601]

Petitioner was sentenced on April 3, 2013. The Court determined that the applicable Guidelines were as follows:

| | |
|---|---|
| Total Offense Level: | 30 |
| Criminal Category: | I |
| Imprisonment Range: | 97 to 121 months (safety-valve) |
| Supervised Release: | 2 to 5 years (safety-valve) |
| Fine Range: | $15,000 to $10 million |
| Special Assessment: | $100 |

[Docket No. 798] Applying a two-level safety-valve reduction and considering the 18 U.S.C. § 3553(a) factors, the Court sentenced Petitioner to a term of 60 months, followed by two years of supervised release. [Docket No. 796]

Petitioner did not appeal. Petitioner has now filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. [Docket No. 845]

### A. Petitioner's Stated Grounds for Relief

In her habeas petition, Petitioner claims ineffective assistance of counsel for the following three reasons. First, Petitioner asserts that her attorney, Peter B. Wold, failed to adequately advise her about her option to plead guilty and the consequences of pleading not guilty. Second, she asserts that Wold did not provide an interpreter to facilitate their legal conversations and that he improperly relied on her son and her friend to translate for him. Finally, Petitioner asserts that Wold showed a lack of commitment by refusing to appeal her case.

## III. DISCUSSION

### A. Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). Alternatively, the procedural default can be excused if the defendant is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

### B. Whether Petitioner Received Effective Assistance of Counsel

1.     **Ineffective Assistance of Counsel Standard**

In order to gain relief for ineffective assistance of counsel, Petitioner must establish both that her counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance prejudiced her defense. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984).  The burden is on Petitioner to establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id. at 687.  The Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076.

Counsel's performance is deficient if it falls outside of the "wide range of reasonable professional assistance," although there is a strong presumption that counsel's conduct falls within this broad spectrum.  Strickland, 466 U.S. at 689. "Counsel's performance is deficient when it is less competent than the assistance that should be provided by a reasonable attorney under the same

circumstances." Chambers v. Armontrout, 907 F.2d 825, 828 (8th Cir. 1990) (citing Strickland, 466 U.S. at 687).

### 2. Petitioner's Claim

Petitioner argues that she received ineffective assistance from her attorney, Peter B. Wold, because (1) he did not advise her about the consequences of pleading not guilty as opposed to guilty; (2) he did not provide her with a proper interpreter during their legal discussions; and (3) he refused to appeal her case. The Government has responded to these claims and provided an affidavit by Wold and attachments. Petitioner, however, has not replied to the Government's opposition.

Petitioner has failed to establish that her counsel's performance prejudiced her defense. With respect to Petitioner's claim that her attorney failed to advise her about pleading guilty, the Government argues that the allegation is factually incorrect. Petitioner's attorney claims that he informed Petitioner that "everyone else in the case was pleading guilty and getting favorable deals." (Wold Aff., Docket No. ¶ 5.) Wold further states that he "did not advise [Petitioner] to plead guilty because she maintained that she was innocent of the charges," and he

"would never counsel anyone who maintains innocence to enter a guilty plea." (Id.)

Even if this behavior were objectively unreasonable, Petitioner has not shown to a reasonable probability that Wold's alleged failure to advise her about pleading guilty prejudiced her defense. Had Wold advised Petitioner to plead guilty and negotiated a plea on her behalf, the result of the proceeding would likely have been the same, or even worse. Petitioner's sentence of 60 months, resulting from a downward variance from the 97 to 121 month Guideline range, was not longer than any of her co-defendants who pled guilty.

Sixty months was, in fact, the lowest sentence imposed in the conspiracy; one other co-defendant received a 60-month sentence, and the other sentences ranged from 70 to 180 months. (See Docket Nos. 651, 659 , 667, 692, 695, 732, 742, 757, 760, 775, 778, 796, 799, 802, 807, 820, 823, 827, 834, 858.) Therefore, none of Petitioner's co-defendants received a more favorable sentence because of their decision to plead guilty. Accordingly, the Court concludes that Petitioner has failed to show that she was prejudiced by Wold's conduct regarding her plea.

Second, Petitioner's claim that Wold failed to provide a proper interpreter is without merit. (See Docket No. 845, at 6 ("No interpreter was provided.").)

The record clearly establishes that Petitioner was provided with a qualified interpreter, Marianne McEvoy, on several occasions. (See Wold Aff., Attach. A.)

Petitioner also alleges that Wold used her son and a friend to translate and conduct conversations about the case. In his affidavit, Wold only concedes that, in addition to the interpreter, he used Petitioner's son and friend on occasion to facilitate "logistical issues such as travel arrangements," and Wold maintains that all discussions about Petitioner's case were facilitated through the interpreter. This account is supported by the record. In light of the fact that a proper interpreter was used on several occasions, from before trial through sentencing, the Court does not find Wold's conduct to be objectively unreasonable or prejudicial to Petitioner's defense.

The third and final basis for Petitioner's claim involves Wold's alleged refusal to appeal her case. Petitioner argues that Wold refused to appeal the case "because on his personal point of view since we lost the [trial], the 60 months sentence I got was good, and there was nothing to do about it anymore." (Docket No. 845, at 8.) Petitioner then claims that Wold would not answer her phone calls regarding the appeal. (Id.)

8

This is somewhat consistent with Wold's account, which states that he "saw no good issues for appeal of the trial." (Wold Aff. ¶ 6.) However, Wold further states that he advised Petitioner of the danger that the Eighth Circuit might reject her downward departures and variances and order a higher sentence. (Id.) Wold also states that Petitioner agreed that she did not want to pursue an appeal based on their conversation. (Id.)

Regardless of the factual distinctions in these two accounts, Petitioner has failed to show how her attorney's refusal to appeal her case prejudiced her defense. In her habeas petition, Petitioner seeks a reduction of her sentence. Had she appealed her sentence, the Eighth Circuit would have reviewed the sentence for unreasonableness, based upon the factors listed in 18 U.S.C. § 3553(a). See United States v. Farrington, 499 F.3d 854, 861 (8th Cir. 2007). However, the only basis Petitioner cites for her requested sentence reduction is that her attorney was ineffective; she does not argue that her Guideline calculation was incorrect or that her sentence is unreasonable due to any particular factors.

Furthermore, the record indicates that Petitioner received a favorable sentence when compared to her co-defendants in the conspiracy. Without

further argument from Petitioner, an appellate review would likely yield no effect in making her sentence more favorable. Moreover, because Petitioner's sentence was below the Guideline Range, the Eighth Circuit could have potentially increased her sentence to fall within the Guideline range, where it would be presumptively reasonable.

Petitioner cannot show that she would have received a more favorable sentence than the sentence imposed if her counsel had acted differently. Accordingly, Petitioner's claim of ineffective assistance of counsel fails, and the Court denies her motion.

### C. Certification of Appealability

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decisions on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Erika Romero Montenegro's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 845] is **DENIED**.

2. The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 28, 2014                    s/ Michael J. Davis
                                        Michael J. Davis
                                        Chief Judge
                                        United States District Court